# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RAPID RACK INDUSTRIES, INC., a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHINA EXPORT & CREDIT CORP., a Chinese corporation; ZHEJIAN JIAXING ZHONG DA GROUP CO., LTD., a Chinese corporation; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV11-07785 SJO (MRWx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br><br>Complaint Filed:　September 20, 2011<br>Trial Date:　　　July 16, 2013 |

　　　The parties hereto have stipulated and agreed to entry of a Protective Order in this case. Having found good cause for its entry, a Protective Order shall be entered in this case, with the following terms, conditions, and requirements:

## PROTECTIVE ORDER

　　　1.　　Any party or non-party that produces information in connection with this case orally while giving testimony, in writing, or through the production of documents or otherwise during the discovery period herein or trial, which information it reasonably believes in good faith to be confidential or highly

confidential in nature—including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure—may designate such information for protection under this order, and the information so designated ("Protected Material") shall thereafter be subject to the provisions of this Protective Order.  The term "document" as used in this Protective Order shall have the broadest meaning permissible under the Federal Rules of Civil Procedure, including any information stored electronically, in any computer system, hard drive and/or network, or in any other optical data storage device.

2.  Protected Material may be designated by the party producing it as "CONFIDENTIAL" at the time that the Protected Material is produced by placing or affixing a "CONFIDENTIAL" notice in writing on each page of the documents containing such Protected Material.  Electronic documents may be designated by affixing such a notice upon the media itself.  If any party believes that material it receives from another party or a third party is Protected Material and was not marked "CONFIDENTIAL" as contemplated by this Protective Order, and that party wishes to designate such material confidential, it shall notify all parties who have obtained such material and shall provide all parties with new copies of the Protected Material marked "CONFIDENTIAL."

3.  In the case of depositions, the party's counsel wishing to designate portions of testimony as containing Protected Material may do so by making an appropriate statement at the time of the giving of such testimony or by notifying opposing counsel in writing upon subsequent review of the transcript.

4.  Any designation of Protected Material that is inadvertently omitted during document production may be corrected at any time by written notification to opposing counsel, and such documents shall thereafter be treated as Protected Material in accordance with the provisions of this Protective Order.  Disclosure of such Protected Material to persons not authorized to receive that information before

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

1  receipt of the confidentiality designation shall not be deemed a violation of this
2  Protective Order.  However, in the event the document has been distributed in a
3  manner inconsistent with the designation, a receiving party will take the steps
4  necessary to conform distribution to the designation:  i.e., returning all copies of the
5  "CONFIDENTIAL" document, or notes or extracts thereof, to the persons
6  authorized to possess such documents.  In the event distribution has occurred to a
7  person not under the control of a receiving party, a request for return of the
8  document, and for an undertaking of confidentiality, shall be made in writing.  In the
9  event the request is not promptly agreed to in writing, or in the event there is no
10 response, or in the event that the party deems the making of the request to be a futile
11 act, the party shall promptly notify the disclosing party of the distribution and all
12 pertinent facts concerning it, including the identity of the person or entity not under
13 the control of the receiving party.
14      5.   Protected Material classified as "CONFIDENTIAL" may not be
15 disclosed, shown or provided by any person to anyone other than:
16      (a)  counsel of record and in-house counsel for the parties and the
17 necessary clerical and legal support personnel employed or retained by such
18 counsel, including court reporters and copy services;
19      (b)  independent consultants and experts retained by counsel of
20 record to assist in connection with this action, subject to the provisions contained in
21 paragraph 7 of this Protective Order;
22      (c)  persons whom are identified on the face of a writing containing
23 such information as the authors or recipients of the information;
24      (d)  witnesses during the course of their discovery, depositions, or
25 trial.  Such witnesses shall not be permitted to retain possession of any Protected
26 Material following completion of his or her discovery, depositions or trial except
27 insofar as may be necessary for purposes of reviewing and signing the transcript of
28

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

the deposition.  Counsel for any party seeking to have a witness bound by this Protective Order may seek such an order from the Court;

    (e) the Court and its employees;

    (f) the parties and their employees and agents to the extent that such employees or agents have been designated as having responsibility for this litigation.

  6. All persons not authorized pursuant to this Protective Order to receive such Protected Material shall be excluded from that portion of the deposition or proceeding during which the Protected Material is shown, discussed or used.

  7. All Protected Material disclosed in this case shall be used only for the purposes of prosecuting or defending this action, including any appeal thereof.  All transcripts or documents containing Protected Material, including all copies or reproductions thereof, shall be returned to the producing party within thirty (30) days of the conclusion of this action, including any appeal thereof, along with a written representation that all such Protected Material has been returned.

  8. From time to time, the parties may also agree to exchange Protected Material in connection with settlement negotiations or mediation.  Any Protected Material that the producing party intends to be used solely for such purposes should be designated as such by placing or affixing a "SETTLEMENT MATERIAL ONLY" notice in writing on documents containing such Protected Material.  Protected Material classified as "SETTLEMENT MATERIAL ONLY" may not be disclosed, shown or provided by any person to anyone other than: (a) counsel of record and in-house counsel for the parties, and (b) the parties and their employees and agents to the extent that such employees or agents have been designated as having responsibility for this litigation.  Protected Material designated as "SETTLEMENT MATERIAL ONLY" may not be used for the purposes of prosecuting or defending this action, including any appeal, or any other action.  If any Protective Material produced with a "SETTLEMENT MATERIAL ONLY"

designation is duplicative of any other document produced in connection with this case, that document shall be treated as having a "CONFIDENTIAL" designation.

9. From time to time, the parties may also find reason to exchange Protected Material which they may designate "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by denoting the same at the top of each page that contains such Protected Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) attorneys of record in this action who are not employees of a Party but who are retained to represent or advise a Party in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the attached agreement to be bound by the terms of this Protective Order (an "Agreement to Bound"), which agreement: (i) shall provide that such person agrees to be bound by the terms of this Protective Order regarding disclosure, (ii) shall provide that such person submits to the jurisdiction of this Court for the purposes of enforcing the terms of this Protective Order (even if such enforcement proceedings occur after termination of this action), and (iii) shall require such person to appoint an individual to act as its California agent for service of process in connection with the above captioned action or any proceedings related to enforcement of this Protective Order;

(b) a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's, including, without limitation, a professional jury or trial consultant retained in connection with this litigation (hereinafter, an "Expert") (i) to whom disclosure is

reasonably necessary for this litigation, and (ii) who have signed an Agreement to Bound;

   (c) the Court and its personnel (this provision shall not be interpreted to authorize the filing of such Protected Material with the Court);

   (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed an Agreement to Be Bound; and

   (e) the author of the document or the original source of the information.

  If any Protective Material produced with a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is duplicative of any other document produced in connection with this case, that document shall be treated as having a "CONFIDENTIAL" designation. The designation of Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be reserved for Protected Material whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

  10. Protected Material shall be stored under the direct control of outside and/or in-house counsel for a party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Protective Order.

  11. In the event that any party (the "Filing Party") wishes to submit Protected Material designated as "CONFIDENTIAL" to the Court for use in any proceeding, including, but not limited to, any motion, settlement conference, or trial, that party shall, in accordance with the Standing Order of this Court, provide the party that designated the material "CONFIDENTIAL" (the "Designating Party") with at least seven (7) calendar days' notice, informing the Designating Party which specific documents or information the Filing Party intends to file with the Court and the date of the anticipated filing. No fewer than four (4) calendar days prior to the anticipated filing, the Designating Party must inform the Filing Party which of the

1   identified material it intends to move to seal, if any.  Thereafter, in accordance with
2   the provisions of this Court's Standing Order, it shall be the sole responsibility of
3   the Designating Party to file the appropriate application with the Court for authority
4   to file the documents under seal.   The parties to this Stipulation hereby
5   acknowledge that the determination of whether to allow the filing of a document
6   under seal rests squarely with the Court and, accordingly, the Court may deny the
7   filing of the documents under seal.  Nothing in this provision shall be interpreted to
8   allow a party in receipt of Protected Material designated "SETTLEMENT
9   MATERIAL ONLY" or designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
10  EYES ONLY" to be filed with the Court or to be designated for filing with the
11  Court.
12        12.    A party that designates information as Protected Material shall have a
13  reasonable basis for believing, in good faith, that the information requested is
14  confidential, proprietary or commercial information upon which restrictions to
15  access should be imposed before that party designates the information as Protected
16  Material.  In the event that a receiving party shall at any time disagree with the
17  designation by the producing party of any information as Protected Material, then
18  the parties will first try, in good faith, to resolve such dispute on an informal basis
19  before presenting the dispute to the Court by motion or otherwise.  The Court may
20  then determine whether the information should be considered Protected Material
21  and, if so, may rule on what restrictions to access or disclosure should be imposed, if
22  any, and the degree of such restrictions.  Any such dispute presented to the Court
23  shall comply with Local Rules 37-1 and 37-2 governing discovery disputes.  No
24  party shall be obligated to challenge the propriety of the designation of Protected
25  Material at the time of production, and a failure to do so shall not preclude a
26  subsequent challenge as to the propriety of such designation.
27        13.    This Protective Order is without prejudice to the right of any party to
28  seek relief from, or modification of, any provision contained in it after notice to the

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

1  other party.  This Protective Order is without prejudice to the right of any party to
2  move for a separate protective order relating to any particular document or
3  information, including restrictions different from those specified herein, and/or to
4  present other appropriate motions.

5      14.    The restrictions set forth in any of the preceding paragraphs shall not
6  apply to information or material that:

7      (a)    was, is or becomes public knowledge, not in violation of this
8  Protective Order;

9      (b)    is acquired by the non-designating party from a third party
10 having the right to disclose such information or material; or

11     (c)    was lawfully possessed by the non-designating party prior to the
12 entry by the Court of this Order.

13     15.    The parties agree to submit this Protective Order for entry by the Court
14 to be bound by its terms.

15     16.    Notwithstanding anything contained in this Stipulation for Entry of a
16 Protective Order, nothing contained herein shall be deemed modify, supersede, or
17 supplant that certain order date September 12, 2012 (the "Prior Order") with respect
18 to CHINA EXPORT CREDIT INSURANCE CORP in this litigation.  In other
19 words, the Prior Order shall remain in full force and effect.

20     17.    This Order is not binding on the Court or Court personnel.  The Court
21 may amend or modify this Order in the interests of justice or for public policy
22 reasons at any time.

23     IT IS SO ORDERED.

25 DATED: 4/16/2013

~~Hon. S. James Otero~~
~~U. S. District Court Judge~~

Hon. Michael R. Wilner

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ , of

_____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Rapid Rack Industries, Inc. v. China Export & Credit Corp.; Zhejian Jiaxing Zong Da Group Co., Ltd*., United District Court, Central District of California, Western Division, Case No. CV11-07785 SJO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name:

Signature:

9015763.1

CV11-07785 SJO (MRWx)